**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL NO. 5:12CV008-RLV-DSC**

| | | |
|---|---|---|
| **MARY E. RAY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM AND RECOMMENDATION** |
| | ) | **OF REMAND** |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social** | ) | |
| **Security Administration,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" and "Brief in Support ..." (both document #8) filed June 22, 2012; and Defendant's "Motion For Summary Judgment" (document #13) and "Memorandum in Support of the Commissioner's Decision" (document #14), both filed October 1, 2012.   Pursuant to the Court's October 2, 2012 Order, the parties filed Supplemental Briefs on November 1, 2012.  See documents ##15, 16 and 17.

This case has been  referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that Defendant's decision to deny Plaintiff Social Security disability benefits is <u>not</u> supported by substantial evidence.  Accordingly, the undersigned  respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>granted</u>; that Defendant's Motion for Summary Judgment be <u>denied</u>; that the Commissioner's decision be <u>reversed</u>, and that this matter be <u>remanded</u> for further proceedings consistent with this Memorandum and Recommendation.

# I. **PROCEDURAL HISTORY**

On May 19, 2004, Plaintiff filed an application for a period of disability and Social Security Disability Benefits ("DIB"), alleging that she was unable to work as of February 1, 2002 due to cracked vertebrae, perforated discs, diabetes, congestive heart failure, high blood pressure, chronic obstructive pulmonary disease, obesity, and mental health issues (Tr. 51-53). Plaintiff's claim was denied initially and on reconsideration.

Plaintiff requested a hearing, which was held on July 18, 2006. On November 30, 2006, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim. (Tr. 609-58). Plaintiff filed a timely Request for Review of Hearing Decision. On September 4, 2008, the Appeals Council denied Plaintiff's request for review.

Plaintiff filed her first appeal on November 6, 2008. See NCWD File No. 5:08CV134-RLV-DSC. On June 15, 2009, and following briefing by the parties, the undersigned recommended that Plaintiff's Motion for Summary Judgment be granted and the matter be remanded for a new hearing. "Memorandum and Recommendation of Remand" at 7, NCWD File No. 5:08CV134-RLV-DSC, (document #13). No objections were filed and the Memorandum and Recommendation of Remand was affirmed and adopted by District Judge Richard L. Voorhees on August 17, 2009. "Order," NCWD File No. 5:08CV134-RLV-DSC, (document #14).

The basis for remand was the ALJ's erroneous finding that Plaintiff "has had no mental health treatment and has no history of psychiatric treatment." Transcript at 18, NCWD File No. 5:08CV134-RLV-DSC. The ALJ noted that Plaintiff was hospitalized and received psychiatric treatment following a suicide attempt in 2005. However, she never referenced records establishing that Plaintiff was under the care of Dr. Suzanne Russ Yoder, a psychiatrist, from July through October 2004. The ALJ also failed to consider records indicating that Plaintiff remained under the

care of Grace Psychiatric Associates through at least December 2005, following her discharge from the hospital.

This erroneous finding was one of two reasons the ALJ gave for affording only minimal weight to the report of Dr. K.M. Ahsanuddin. The ALJ concluded:

> Dr. K.M. Ahsanuddin submitted a detailed report, which included psychological testing, a clinical interview, and observations. The undersigned finds that the examination was thorough, however, it is not consistent with the evidence of record, which reflects the [Plaintiff's] depression and anxiety are controlled on medication from her treating physician and that she has received no mental health treatment. I have therefore given Dr. Ahsanuddin's findings minimal weight.

Id. The ALJ did not include restrictions noted by Dr. Ahsanuddin in Plaintiff's Residual Functional Capacity ("RFC")[1] or the hypothetical she submitted to the Vocational Expert ("V.E.").

The Court directed that "[a]t the next hearing, among any other issues that require further development, the ALJ should more fully address the medical record, including the records of Plaintiff's psychiatric treatment, and then state what weight she assigns to those records." "Memorandum and Recommendation of Remand" at 7, NCWD File No. 5:08CV134-RLV-DSC, (document #13).

On October 7, 2010, the same ALJ conducted a second hearing. In a decision dated May 13, 2011, the ALJ denied Plaintiff's claim again. (Tr. 665-679). In this decision, the ALJ repeated the error that required remand on the first appeal. (Tr. 676). The ALJ again erroneously stated that the Plaintiff "has received no mental health treatment." Id. (Tr. 676). As a result of that error, the ALJ again assigned minimal weight to Dr. Ahsanuddin's report. She did not include the restrictions he

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

noted in Plaintiff's RFC or the hypothetical submitted to the "V.E. (Tr. 1221-1223).

On November 25, 2011, the Appeals Council denied Plaintiff's request for review. (Tr.659-661). The Appeals Council stated:

> In reaching this conclusion we considered the exceptions noted in your letter dated June 10, 2011. You indicated that the [ALJ] erred in failing to properly assess and give appropriate weight to Dr. Ahsanuddin's opinion. However, we note that the decision appropriately compared his opinion to other reports and opinions as noted on [Tr. 675-76] of the decision. Dr. Ahsanuddin's opinion is also inconsistent with later reports, particularly those in [Tr. 491-92 & 538-88], which show improved function with treatment.
>
> You also stated that the [ALJ] erred in failing to mention the claimant's Post Traumatic Stress Disorder, and in considering other psychiatric evidence that relates to the period at issue—specifically [Tr. 344-46, 491-92, and 538-88]. However, based on our review of the evidence and the hearing decision we note that the [ALJ] has adequately considered all pertinent evidence and opinions. The List of Exhibits attached to the May 13, 2011 decision denotes all evidence that the [ALJ] has considered in the decision. We also note that the reports from Grace Psychiatric Associates [Tr. 538-88] show that claimant's treatment for depression responded well to medications, and that her mental status improved. A treatment note from Grace Hospital [Tr. 511] does not show a definitive diagnosis of PTSD; however, the decision does address anxiety, and the agency evaluates both anxiety and PTSD under Anxiety-Related Disorders or Listing 12.06.

(Tr. 659). Plaintiff filed this appeal on January 23, 2012. The parties' cross-motions for summary judgment are ripe for disposition.

On October 2, 2012, the undersigned directed the parties to file Supplemental Briefs "confined to the issues of the standard of review applied by the Appeals Council, and whether under that standard of review the Appeal Council's subsequent consideration could 'render[] harmless the ALJ's misstatement' concerning Plaintiff's mental health treatment." Order (document #15) (quoting Defendant's "Memorandum in Support of the Commissioner's Decision" at 12-13 (document #14)).

## II. <u>STANDARD OF REVIEW</u>

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, <u>Richardson v. Perales</u>, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990); <u>see also</u> <u>Hunter v. Sullivan</u>, 993 F.2d 31, 34 (4th Cir. 1992) (<u>per curiam</u>). The district court does not review a final decision of the Commissioner <u>de novo</u>. <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1986); <u>King v. Califano</u>, 599 F.2d 597, 599 (4th Cir. 1979); <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In <u>Smith v. Heckler</u>, 782 F.2d 1176, 1179 (4th Cir. 1986), <u>quoting</u> <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

<u>See also</u> <u>Seacrist v. Weinberger</u>, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to re-weigh the evidence, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. <u>Hays</u>, 907 F.2d at 1456; <u>see also</u> <u>Smith v. Schweiker</u>, 795 F.2d at 345; <u>and</u> <u>Blalock v. Richardson</u>, 483 F.2d at 775. Indeed, this is true even

if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below.  Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" at any time as that term of art is defined for Social Security purposes.[2]  Defendant again contends that the ALJ's repeated error is harmless.   In its Brief in Support, Defendant also argues that the "Appeals Council's decision is highly relevant as it provides the information that was missing when this case was last before the court... Now, that concern is extinguished because despite considered [sic] those records, the Appeals Council expressly found that Dr. Ahsanuddin's opinion remained inconsistent with the improvement noted therein." Document #14 at 10.  Defendant's argument concludes that "[i]n sum, the Appeal Council's subsequent consideration of Plaintiff's mental health treatment rendered harmless the ALJ's misstatement."  Id. at 12.

The Court ordered the parties to file supplemental briefs on the issue of whether the Appeals Council's stated reasons for denying review could rectify the ALJ's error as a matter of law.  In his supplemental brief, Defendant concedes that "[a]s the Fourth Circuit explained in Meyer v. Astrue, an Appeals Council decision to deny review is not a final decision subject to judicial review. 662 F.3d 700, 705 (4th Cir. 2011)."  Document #16 at 2-3.  The Appeals Council's decision does not overcome the error by the ALJ.  The remainder of Defendant's supplemental brief restates the harmless error argument that the Court rejected on the first appeal.  Id. at 3-6.

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
>inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

As discussed above, it is not the place of a reviewing court to reconsider the evidence. See Hays, 907 F.2d at 1456. Given the ALJ's error in analyzing the medical record, her conclusion about Dr. Ahsanuddin's findings is not supported by substantial evidence. Having failed to more fully consider Dr. Ahsanuddin's opinion, the ALJ's decision that Plaintiff could perform work consistent with the RFC described above is not supported by substantial evidence. At the next hearing, among any other issues that require further development, the ALJ should fully address the medical record, including the records of Plaintiff's psychiatric treatment, and state what weight she assigns to those records.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion For Summary Judgment" (document #8) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #13) be **DENIED**; that the Commissioner's decision be **REVERSED**; and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[3]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum

---

[3]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

with the District Court constitutes a waiver of the right to <u>de novo</u> review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder</u>, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Wells</u>, 109 F.3d at 201; <u>Page</u>, 337 F.3d at 416 n.3; <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation of Remand to counsel for the parties; <u>and to the Honorable Richard L. Voorhees</u>.

**SO RECOMMENDED AND ORDERED.**

Signed: November 9, 2012

David S. Cayer
United States Magistrate Judge