UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:12-cv-00008-MOC

| | |
|---|---|
| **MARY E. RAY,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on review of the Commissioner's Objection (#19) to the Memorandum and Recommendation (#18) of Judge Keesler. In her Objection, the Commissioner contends that the recommendation of remand for a new hearing is based on a misunderstanding by the magistrate judge as to the scope of review. In sum, the Commissioner contends that the Appeals Council cured the ALJ's error in failing - - for a second time - - to consider specific evidence concerning plaintiff's mental health treatment before determining the weight to be assigned the opinions of another mental health professional.

While this court agrees with the underlying argument that this appeal is from the final decision of the Commissioner, which does not necessarily mean the final decision of the ALJ, the court is concerned from the outset that the ALJ ignored

1

and, perhaps, *disobeyed* Judge Voorhees's previous Order of Remand. Such oversight undermines this court's confidence that plaintiff received a fair hearing. Even if the Appeals Council's consideration of the overlooked evidence cures the ALJ's oversight, the court wants to hear how such consideration has satisfied the Commissioner's duty of explaining why she did not fully credit the opinions of Dr. Ahsanuddin in light of such overlooked evidence. The opinion of a treating physician is entitled to controlling weight if it is supported by "clinical and laboratory diagnostic techniques," and is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2).

> If a physician's opinion is not given controlling weight, then the "factors listed below" and in paragraphs (d)(3) through (5) used to determine the amount of weight to be given it are (1) the length of the treatment relationship and the frequency of examination ("the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion"); (2) the nature and extent of the treatment relationship; (3) supportability ("the more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion"); (4) consistency ("the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion"); and (5) specialization ("[w]e generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist"). Id. The regulation also makes clear, however, that the ultimate determination of disability is reserved for the Commissioner, and "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 416.927(e)(1).

Pittman v. Massanari 141 F.Supp.2d 601, 608 (W.D.N.C. 2001).

To that end, the court will schedule the pending motions and the Commissioner's Objection for hearing on September 11, 2013. In addition to the SAUSAs of record, the court will require that an AUSA from this district also be present and prepared to argue.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Commissioner's Objection to the Memorandum and Recommendation (#19) is calendared for hearing on September 11, 2013, at a time to be noticed by the Clerk of Court.

Signed: August 19, 2013

Max O. Cogburn Jr.
United States District Judge